BASCUM RAY *v.* COUNTY COURT OF CABELL COUNTY

(No. 8213)

Submitted November 5, 1935. Decided December 14, 1935.

*Peyton, Winters & Hereford,* for plaintiff in error.
*Connor Hall,* for defendant in error.

KENNA, JUDGE:

By mandamus, Bascum Ray seeks to compel payment of a judgment rendered in his favor by the Common Pleas Court of Cabell County against the county court of that county. The writ was issued by the Common Pleas Court of Cabell County, writ of error was declined by the circuit court of that county, and the case is here upon writ of error to the judgment of the circuit court.

Petitioner was formerly a justice of the peace in Cabell County and the judgment sought to be enforced was rendered for fee charges in misdemeanor cases conducted before the

petitioner prior to January 1, 1932. Judgment was rendered in the Common Pleas Court of Cabell County upon appeal from a justice of the peace. The salient part of the order of judgment reads as follows: "It is therefore considered by the Court that the plaintiff do recover of and from the defendant, the County Court of Cabell County, West Virginia, payable wholly and exclusively out of the account kept by the Sheriff of Cabell County, West Virginia, known as the 'General School Fund,' as, if and when the same is sufficient to pay the same, the sum of $264.10 and the costs of said proceeding * * *."

Referring to the parties to the mandamus proceeding as they were in the Common Pleas Court of Cabell County, the petitioner here takes the position that his judgment is absolute, can not be attacked in this proceeding, and that mandamus for its enforcement follows as a matter of course. Respondent says that the judgment is based upon an unconstitutional statute, that for that reason it is void and that, under these circumstances, this Court may look beyond the face of the judgment and refuse mandamus to enforce it.

We are of the opinion that a careful examination of the statute involved in the question here presented in the light of our recent case of *Williams* v. *Brannen,* 116 W. Va. 1, 178 S. E. 67, discloses that at the time this judgment was rendered, there was no valid provision of law by which the charges of justices of the peace for costs in misdemeanor cases could be paid. In that case, it was pointed out that the only two sources from which a justice could get his pay in misdemeanor cases were from the accused upon conviction and under the provisions of Code, 7-5-15. The *Brannon* case expressly holds that the provision made for the cost of justices of the peace in misdemeanor cases in the statute referred to is unconstitutional and inoperative. The opinion further points out that because of the general repeal provision contained in the Code of 1931, it did not follow upon holding this statute unconstitutional that recourse could be had to the statute in force prior to its enactment. In other words, the *Brannen* case effectively wiped out the provisions of law governing the payment of costs of justices of the peace in misdemeanor cases by county courts.

At the regular session of 1935, the legislature sought to remedy the situation brought about by the decision of the *Brannen* case. Code, 7-5-15, was amended to provide that the costs of justices of the peace in misdemeanor cases should be payable unconditionally out of the general school fund or out of the general county fund. Sections 11 and 14, article 17, chapter 50 of the Code, relating to the fees of justices of the peace were also amended. Both of these acts operated prospectively from the date of their passage, January 17, 1935, and had nothing to do with the fees of justices of the peace in misdemeanor cases theretofore earned.

On March 9, 1935, the legislature passed an act amending and re-enacting section 1, article 18, chapter 50, and section 11, article 17, chapter 50, as last amended by House Bill No. 65 of the same session, and amending and re-enacting section 14, article 17, chapter 50, as last amended by House Bill No. 65 of the same session. As it was finally re-enacted, section 11 of article 17, contains the following proviso: *"Provided, however,* That the provisions of this section shall not apply to the fees of justices earned by them prior to the seventeenth day of January, one thousand nine hundred and thirty-five, but the justices shall be entitled to such fees theretofore earned as were authorized by law at the time said fees were earned, and the prosecuting attorneys, county courts and sheriffs may approve and pay such accrued costs in the same manner as was provided by the code of West Virginia, one thousand nine hundred thirty-one, prior to the enactment of house bills numbers sixty-four and sixty-five, acts of the Legislature of West Virginia, regular session, one thousand nine hundred thirty-five.*"* The act of the legislature was passed at a time when this Court had already held that the provision of Code of 1931 for the payment of the fees of justices of the peace in misdemeanor cases was unconstitutional. It therefore follows that the provision of this act in so far as it relates to the payment of fees of justices of the peace in misdemeanor cases prior to the 17th day of January, 1935, finds no valid basis in the Code of 1931. This being so, the result is that the act last referred to makes no enforceable provision for the payment of such fees.

The foregoing discussion has, we believe, plainly pointed out that neither at the time these services were rendered nor at the time that the judgment therefor was entered was there any valid provision of the law under which the fees of justices of the peace in misdemeanor cases could be paid. But the petitioner contends that he has gotten a judgment, that that judgment is valid on its face and that no matters that could, in the proceeding in which that judgment was rendered, have been set up to defeat recovery can now be urged against its enforceability. We are of the opinion that the rule is otherwise in this state with reference to judgments, at least those rendered by justices of the peace, based upon claims of the nature here under consideration. The case of *Yates* v. *County Court,* 47 W. Va. 376, 35 S. E. 24, apparently establishes the principle in this jurisdiction that where a justice of the peace has rendered judgment against a public body upon a claim for the payment of which there is no provision of law, and upon appeal judgment is rendered also in the circuit court, the enforcement of the judgment of the circuit court may be prohibited. The facts before us here would seem to make a much clearer case than existed upon the facts in the *Yates* case. There, the invalidity of the judgment was shown by going behind it and having recourse to the proof offered before the justice of the peace. Here, that is not necessary, because the judgment order of the circuit court, we think, is a demonstration of its invalidity. The amount recovered was made payable only out of the general school fund. At the time, there was no provision of law by which this could be done. We are therefore of the opinion that, under the principle of the *Yates* case, as well as under the general principle that a judgment void upon its face may be prohibited of enforcement, that the writ of mandamus to require the payment of the judgment before us must be refused.

The judgments of the Common Pleas Court and the judgment of the Circuit Court of Cabell County are therefore reversed and the petition dismissed.

*Reversed; petition dismissed.*